| | |
|---|---|
| 1 | KEKER, VAN NEST & PETERS LLP |
| | BENEDICT Y. HUR - # 224018 |
| 2 | bhur@keker.com |
| | JULIA L. ALLEN - # 286097 |
| 3 | jallen@keker.com |
| | SHAYNE HENRY - # 300188 |
| 4 | shenry@keker.com |
| | SARAH SALOMON - # 308770 |
| 5 | ssalomon@keker.com |
| | 633 Battery Street |
| 6 | San Francisco, CA 94111-1809 |
| | Telephone:   415 391 5400 |
| 7 | Facsimile:   415 397 7188 |

Attorneys for Non-Party SUPERLUCKY CASINO, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAN VIGDOR, an individual; STEPHEN BRADWAY, an individual, | Case No. 4:18-cv-04573-HSG |
| Plaintiffs, | **DECLARATION OF SARAH SALOMON PURSUANT TO CIV. L.R. 79-5(E)(1) ISO SEALING NON-PARTY SUPER LUCKY CASINO, INC.'S CONFIDENTIAL INFORMATION** |
| v. | |
| ANDREW KARAM, an individual; FASSIL BEFEKADU, an individual; ROCKET STREET VENTURES LLC, a California limited liability company; RKSB GMBH, an unknown entity; ANTHONY SOOHOO AND MERRILEE SOOHOO REVOCABLE TRUST, an unknown entity; THREE KINGDOMS CAPITAL PARTNERS, L.P., a Delaware limited partnership; JOHN AND ISABELE KRYSTYNAK 2011 FAMILY TRUST, an unknown entity; ANKUR NAGPAL, an individual; WARREN KONKEL, an individual; ADAM AND JACLYN FOROUGHI 2011 FAMILY TRUST, an unknown entity; VANDANA SHAH AND PRAFUL SHAH REVOCABLE LIVING TRUST, an unknown entity; RAJAN DALICHAND SHAH, an individual; THE ETERNAL BLISS LIMITED PARTNERSHIP, a California limited partnership; MITUL MAHESH SHAH, an individual; MLPF&S AS CUST FBO MICHAEL LEVINTHAL IRRA, an unknown entity; KARL JACOB, an individual; 500 STARTUPS, L.P., a Delaware limited partnership; ROSE | Dept.:   Courtroom 2 - 4th Floor |
| | Judge:   Hon. Haywood S. Gilliam, Jr. |
| | Date Filed: July 31, 2018 |
| | Trial Date: |

1  PARTNERS LLC, an unknown entity;
   STEPHEN TALARICO, an individual; and
2  DOES 1-50, inclusive,

3         Defendants.

I, SARAH SALOMON, declare as follows:

1. I am an attorney, duly licensed to practice law in California, at the law firm of Keker, Van Nest & Peters LLP, attorneys for non-party Super Lucky Casino, Inc. ("Super Lucky"). I have personal knowledge of the matters set forth herein and, if called upon as a witness, could and would competently testify thereto.

2. Pursuant to Civ. L.R. 79-5(e)(1), I submit this declaration in support of sealing non-party Super Lucky's confidential documents attached as exhibits to Plaintiffs' Opposition to Defendants' Motion to Dismiss, and the redaction of references to confidential Super Lucky materials in Plaintiffs' Opposition. I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

3. The categories of documents and information to be sealed is as follows:

| Redaction / Sealed Document | Basis for Sealing |
|---|---|
| **Pls' Opp'n. Exs. A-D** | Super Lucky's sensitive communications with and regarding then-Super Lucky noteholders, now shareholders. |
| **Pls' Opp'n at 3:17-18; 3:21-27; 4:1-2; 4:19-22; 4:24; 5:1-2; 5:4-10** | Citations to Super Lucky's sensitive communications with and regarding then-Super Lucky noteholders, now shareholders. |

4. On September 21, 2018, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss. *Vigdor et. al. v. Karam et. al.*, Case No. 4:18-cv-04573-HSG ("Second Action"), Dkt. No. 31. That Opposition and its exhibits (which were attached directly to the Opposition) contain redactions and conditionally sealed exhibits pursuant to the parties' Stipulated Protective Order in *Vigdor et. al. v. Super Lucky et. al*. ("First Action"), 4:16-cv-05326-HSG (Dkt. No. 73).

5. The redacted and conditionally sealed materials consist communications with and regarding then-Super Lucky noteholders, now shareholders. Attached hereto as Exhibit A is a true and correct copy of a declaration from Nicholas Talarico. This Declaration provides the factual bases for the sealing and redaction of this confidential Super Lucky information. Additionally, the Court has already sealed this type of information (sensitive communications

1
DECLARATION OF SARAH SALOMON PURSUANT TO CIV. L.R. 79-5(E)(1)
Case No. 4:18-cv-04573-HSG

1304508

1  with and regarding noteholders) in *Vigdor et. al. v. Super Lucky et. al.* ("First Action"), 4:16-cv-
2  05326-HSG (Dkt. No. 143).
3     6.   Super Lucky expresses no opinion as to whether page 3, line 13 should be sealed,
4  as it currently has been by Plaintiffs.  That line reflects Plaintiffs' opinion regarding the current
5  value of Super Lucky, as indicated in Plaintiffs' First Amended Complaint, Second Action, Dkt.
6  6, at ¶ 56 ("Plaintiffs are informed and believe that Super Lucky is now valued in excess of $100
7  million.").
8     I declare under penalty of perjury under the laws of the United States of America that the
9  foregoing is true and correct and that this declaration was executed on September 25, 2018 at San
10 Francisco, California.

*/s/ Sarah Salomon*
SARAH SALOMON

2
DECLARATION OF SARAH SALOMON PURSUANT TO CIV. L.R. 79-5(E)(1)
Case No. 4:18-cv-04573-HSG

1304508